UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ERIC PICKETT,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KAJAKAZI,<br><br>Defendant. | Case No. 20-cv-01772-AGT<br><br>**ORDER RE: PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 32 |

      Plaintiff brought this action for judicial review of the Social Security Commissioner's decision denying his claim for disability benefits. After plaintiff filed a motion for summary judgment, the parties stipulated to voluntarily remand the case for further proceedings. Dkts. 22, 27. The Court granted the stipulation and entered judgment based on that stipulation and order. Dkts. 28, 29. Following entry of judgment, the Court granted the parties' stipulation awarding plaintiff $6,000.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Dkt. 31. On remand, plaintiff was awarded past-due benefits in the amount of $133,408.12. *See* Dkt. 32-2 (Harding Decl.) ¶¶ 9–11; Dkt. 32-6 (ALJ decision on remand); Dkt. 32-7 (notice of award).

      Currently before the Court is plaintiff's motion for an award of attorney's fees in the amount of $27,352.03, which is 20.5% of the past-due benefits awarded. Dkt. 32. The motion is made pursuant to 42 U.S.C. § 406(b) and plaintiff's contingent fee agreement with his counsel, Jerron Harding. *See* Dkt. 32-4 (fee agreement). The motion includes a declaration from Harding supporting the request for attorney's fees, *see* Dkt. 32-2, along with detailed time records reflecting 33.2 hours of Harding's time for work performed in connection with the district court proceedings, *see* Dkt. 32-8. The government did not oppose the motion.

Having reviewed the motion and supporting materials, the applicable case law, and the record in this case, the Court is satisfied that the fees sought pursuant to § 406(b) are reasonable. First, the contingent fee agreement between Harding and plaintiff provides for payment of fees not to exceed 25% of past-due benefits recovered, *see* Dkt. 32-4 at 2, which is consistent with the 25% statutory cap set forth in § 406(b). The requested fees likewise comply, as they total only 20.5% of the total award. Second, nothing in the record indicates that Harding's performance was substandard or that he delayed proceedings in an effort to increase the amount of fees awarded. Indeed, Harding obtained an excellent result for plaintiff, consisting of a substantial award of past-due benefits, after he obtained the Commissioner's stipulation to voluntarily remand the case. Third, the requested fee award of $27,352.03 for 33.2 hours of work translates to an hourly rate of approximately $823.85. Courts in this circuit have awarded fees under § 406(b) with effective hourly rates ranging between $1,000.00 and $1,500.00. *See McCullough v. Berryhill*, No. 16-cv-00625-BLF, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (citing cases). In this context, the fees sought by Harding are reasonable.

Accordingly, the Court finds that Harding's request for $27,352.03 under § 406(b) is reasonable under the facts of this case. Harding will be required to reimburse plaintiff for all fees previously awarded in this case under EAJA.

\* \* \*

For the reasons stated above, the Court orders as follows:

(1) plaintiff's unopposed motion for attorney's fees under 42 U.S.C. § 406(b) is granted in the amount of $27,352.03; and

(2) Harding must refund plaintiff the $6,000.00 previously awarded as EAJA fees.

**IT IS SO ORDERED.**

Dated: February 23, 2023

ALEX G. TSE
United States Magistrate Judge